# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1692V
Filed: August 13, 2024

---

L.S., a minor, by and through his parent and natural guardian, AMY SULLIVAN,

                Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

                Respondent.

---

*Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Emilie Williams, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

On November 1, 2018, petitioner, Amy Sullivan, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that her minor child, L.S., suffered Hematuria and Henoch-Schonlein purpura (HSP) as a result of his October 19, 2016 diphtheria, tetanus, and pertussis vaccination. (ECF No. 1; ECF No. 74 ("Stipulation," filed August 13, 2024), ¶ 1.) On January 9, 2022, petitioner filed an amended petition alleging that L.S.'s Hematuria and HSP was a result of his June 8, 2016 hepatitis B, measles, mumps, and rubella (MMR), and varicella-zoster virus (VZV) vaccines. (ECF No. 4; Stipulation at ¶ 1.) Petitioner further alleges that L.S. has experienced the residual effects of his condition for more than six months, that there has been no prior award or settlement of a civil action for damages as a result of his condition, and that

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. A "Vinesign" form appended to the attached stipulation has already been omitted because it contained petitioner's personal contact information.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

his vaccine was administered in the United States.  (ECF No. 1, ¶¶ 3, 12-13; ECF No. 43, ¶¶ 2, 16-17; Stipulation at ¶¶ 3-5.  "Respondent denies that any of the vaccines caused or significantly aggravated L.S.'s alleged hematuria/HSP or any other injury or his current condition."  Stipulation at ¶ 6.

Nevertheless, on August 13, 2024, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation.  I find the stipulation reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award the following compensation:**

- **A lump sum of $5,000.00, which represents compensation for past reimbursable expenses, in the form of a check payable to petitioner; and**

- **An amount of $35,000.00 to purchase the annuity contract described in paragraph 10 of the Stipulation, paid to the life insurance company form which the annuity will be purchased.**

Stipulation at ¶ 8.  This amount represents compensation for all items of damages that would be available under § 15(a).  *Id.*

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

*s/Daniel T. Horner*
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| AMY SULLIVAN, parent and natural guardian of L.S., a minor, | )<br>)<br>) |
| Petitioner, | ) No. 18-1692V<br>) Special Master Horner |
| v. | ) ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | )<br>)<br>) |
| Respondent. | ) |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Amy Sullivan ("petitioner"), on behalf of L.S., a minor child, filed a petition and an amended petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The initial petition seeks compensation for injuries allegedly related to L.S.'s receipt of the diphtheria-tetanus-acellular pertussis ("DTaP") vaccine and the amended petition seeks compensation for injuries allegedly related to petitioner's receipt of the hepatitis B ("Hep B"), measles-mumps-rubella ("MMR"), and/or varicella-zoster virus ("VZV") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. L.S. received the MMR, VZV, and Hep B vaccines on or about June 8, 2016, and the DTaP vaccine on or about October 19, 2016.

3. The vaccinations were administered within the United States.

4. Petitioner alleges that L.S. suffered hematuria and Henoch-Schonlein purpura ("HSP") that was caused by receipt of the MMR, VZV, Hep B, and/or DTaP vaccines. Petitioner further alleges that L.S. experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on L.S.'s behalf as a result of L.S.'s condition.

6. Respondent denies that any of the vaccines caused or significantly aggravated L.S.'s alleged hematuria/HSP or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a.  A lump sum of $5,000.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Amy Sullivan; and,

   b.  An amount of $35,000.00 to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

2

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of L.S., pursuant to which the Life Insurance Company will agree to make payments periodically to L.S. as follows for compensation available under 42 U.S.C. §300aa-15(a):

a. A lump sum of $22,026.00 on June 23, 2029; and

b. A lump sum of $22,026.00 on July 23, 2029.

The purchase price of the annuity described in this paragraph shall neither be greater than nor less than $35,000.00. In the event that the cost of the annuity set forth above varies from $35,000.00, the payments beginning on June 23, 2029, shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $35,000.00. The periodic payments provided herein shall be made in certain annual payments to L.S. for the period set forth above. Should L.S. predecease any of the certain payments set forth above, any remaining certain payments shall be made to his estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within **twenty (20)** days of L.S.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 13 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States of the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner, as legal representative of L.S., and on behalf of L.S., and petitioner's heirs, executors, administrators, successors, and assigns, does hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

13. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

14. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

15. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 13 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

16. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for L.S.'s benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

17. Petitioner represents that petitioner presently is, or if necessary will become, authorized to serve as guardian/conservator of L.S.'s estate as may be required under the laws of the State of California.

18. In return for the payments described in paragraphs 8 and 13, petitioner, in petitioner's individual capacity, and as legal representative of L.S., on behalf of petitioner, L.S., and L.S.'s heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that

have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of L.S. resulting from, or alleged to have resulted from, the DTaP vaccination administered on or about October 19, 2016, as alleged by petitioner in a petition for vaccine compensation filed on or about November 1, 2018, or the MMR, VZV, and/or Hep B vaccinations administered on or about June 8, 2016, as alleged in the amended petition for vaccine compensation filed on or about January 9, 2022, in the United States Court of Federal Claims as petition No. 18-1692V.

19. If L.S. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

20. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

21. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 13 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

22. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Injury Compensation Program System of Records, No. 09-15-0056.

23. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines caused L.S.'s alleged injury, or any other injury or L.S.'s current condition.

24. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of L.S.

**END OF STIPULATION**

PETITIONER:

_[signature]_
AMY SULLIVAN

ATTORNEY OF RECORD FOR
PETITIONER:

_[signature]_
AMY SENERTH
MULLER BRAZIL
715 Twining Road, Suite 208
Dresher, PA 19025
215-885-1655
amy@mullerbrazil.com

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

**Jeffrey S. Beach -S**  Digitally signed by Jeffrey S. Beach -S
Date: 2024.08.05 14:47:13 -04'00'   for

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_[signature]_
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

_[signature]_
EMILIE F. WILLIAMS
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
202-305-0124
Emilie.williams@usdoj.gov

Dated: 13 August 2024

8